IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JAY SHAPIRO and LAURA SHAPIRO,

    Plaintiffs,

v.                                        CIV 10-0286 JCH/KBM

BAC HOME LOANS SERVICING LP;
EQUIFAX INFORMATION SERVICES LLC; and
TRANS UNION LLC,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Treinen Law Firm's Opposed Motion to Determine Lien *(Doc. 49)*. The Court has considered the memoranda and exhibits submitted by the parties and heard the arguments of counsel at a telephonic hearing held this day. Finding that there are significant issues of fact in dispute that may affect such a determination, the Court recommends to the presiding judge that a ruling on the attorney lien issue be stayed until such time that the proceedings before state court District Judge Campbell have concluded. The Court further recommends that because the attorney lien determination constitutes the sole remaining issue over which the Court has jurisdiction, that this action be administratively closed and reopened when notified by the parties that the state court litigation has been resolved.

Attorney Rob Treinen was associated in some fashion with a law firm known as Feferman, Warren and Treinen ("Feferman Firm"), which had filed suit on behalf of Plaintiffs, until his departure on September 7, 2010. On September 9, I conducted a settlement conference

...

at which Mr. Treinen appeared as the attorney for Plaintiffs, and the remaining parties in the above action reached a negotiated resolution.  A significant issue for determination of the attorney lien here is whether Plaintiffs had terminated the services of the Feferman Firm before they entered into the settlement.  Of the $19,000 in attorney fees achieved by the settlement, the parties previously agreed that $15,000 was to be placed in Feferman's operating account and $1,500 in Feferman's trust account, and $2,500 was to be placed in Treinen's trust account.

Litigation has been filed in state court surrounding the circumstances of Mr. Treinen's departure and his entitlement, if any, to settlement funds in many cases initially filed by the Feferman Firm but taken by Mr. Treinen when he left that firm.  The state case will probably involve significant discovery efforts and evidentiary hearings.  In the interest of judicial economy and to avoid inconsistent decisions or collateral consequences, I believe the Court should exercise its discretion and hold the determination of the attorney lien in abeyance until the state litigation concludes.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the Motion to Determine Attorney Lien be held in abeyance, the case stayed and administratively closed until Judge Campbell's final ruling in *Richard N. Feferman v. Robert D. Treinen*, CV 2010-12041 in the Second Judicial District Court, and recommended that the parties be ordered to keep the settlement funds in the amount and accounts as described above until further order of the court.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A**

**party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

/s/ Karen B. Molzen
UNITED STATES MAGISTRATE JUDGE